IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ARTHUR CARSON | * | |
| PLAINTIFF | * | |
| | * | |
| V. | * | |
| | * | CASE NO. 4:18CV00275 SWW |
| STEVE LANDERS KIA and RUSSELL | * | |
| COMSTOCK | * | |
| DFENDANTS | * | |
| | * | |

## ORDER

Plaintiff Arthur Carson ("Carson"), proceeding *pro se*, brings this action pursuant to the Fair Credit Reporting Act, naming defendants LL University LLC (originally sued as Steve Landers Kia) and Russell Comstock ("Comstock"). On June 8, 2018, the Clerk entered default as to Comstock, pursuant to Carson's request and Rule 55(a) of the Federal Rules of Civil Procedure. Now before the Court is Carson's motion for a default judgment [ECF No. 15]. After careful consideration, and for reasons that follow, the Clerk's entry of default is set aside, the motion for default judgment denied, and the Court directs that the Marshal reattempt service on Comstock.

When a defendant fails to plead or otherwise defend against a lawsuit according to the Federal Rules of Civil Procedure, he is subject to an entry of default. *See* Fed. R. Civ. P. 55(a). However, "'a defendant is under no duty to respond to the rules of a court unless he is brought under its jurisdiction through the proper service of process.'" *Diamond Bear Brewing Co. v. Stromberg Tanks Int'l, Inc.*, 2010 WL 1417001, at *2 (E.D. Ark. Jan. 16, 2009)(quoting *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th

Cir.2003)). "A defendant therefore cannot be held in default for failure to answer until properly served." *Id*.

Federal Rule of Civil Procedure 4(e) provides that, unless waiver of service has been obtained, service of process must be made by personal delivery of the summons and complaint to the party or his or her agent or made according to the law of the state where the district court is located, in this case Arkansas. Arkansas law requires service upon an individual as follows:

> Upon an individual, other than an infant by delivering a copy of the summons and complaint to him personally, or if he refuses to receive it, by offering a copy thereof to him, or by leaving a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least 14 years of age, or by delivering a copy thereof to an agent authorized by appointment or by law to receive service of summons.

Ark. R. Civ. P. 4(d)(5). The Arkansas Rules further provide that service of a summons and complaint upon an individual may be accomplished by "any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations." Ark. R. Civ. P. 4(d)(8)(A)(i). When this type of service is attempted, such service "shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee

reciting or showing refusal of the process by the addressee."[1]  Ark. R. Civ. P. 4(d)(8)(A)(ii).

In this case, the Marshal's Service mailed a copy of the summons and complaint to Comstock, with delivery to "Russell Comstock" at the address "4600 S. University Ave., Little Rock, AR 72210."[2]  As the Court noted in the order directing service, Carson's complaint listed the foregoing address for both defendants.  The return receipt reflects that the summons and complaint were mailed by certified mail with a return receipt requested, but it does not reflect restricted delivery, which is required under Ark. R. Civ. P. 4(d)(8)(A)(i).  Additionally, the receipt is signed by "Michael Osborn," who is not identified as Carson's agent on the return receipt.[3]  Because the record indicates that Comstock was not properly served, the Court will set aside the Clerks' entry of default and must deny the motion for default judgment.

The time for service of the complaint expired on July 24, 2018.  *See* Fed. Rule Civ. P. 4(m).  However, the Court finds good cause to reopen the time for service, and directs the Marshal to attempt service according to the directions set forth below. <u>Carson is advised that if service cannot be accomplished at the address that he has provided, he has the responsibility to provide all information necessary for service of the</u>

---

[1] Service may also be made "by mailing a copy of the summons and the complaint by first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to a form adopted by the Supreme Court and a return envelope, postage prepaid, addressed to the sender." *Id*. 4(d)(8)(B). If the sender does not receive acknowledgment of service within twenty days, then service must be made by a personal process server. *Id*.

[2] ECF No. 9, at 2.

[3] A checkbox labeled "agent" that appears beside Osborn's signature on the return receipt is unchecked.

complaint and summons on Comstock. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). Assuming that separate defendant LL University LLC knows Comstock's correct address, it is likely that Carson will receive that information as part of required initial disclosures.[4]

IT IS THEREFORE ORDERED that the Clerk's entry of default as to defendant Russell Comstock [ECF No. 14] is SET ASIDE, and Plaintiff's motion for default judgment [ECF No. 15] is DENIED.

IT IS FURTHER ORDERED that the Clerk is directed to prepare a summons for separate defendant Russell Comstock, and the United States Marshal is directed to serve the summons and complaint on Comstock, without prepayment of fees and costs or security therefor, either (1) in person or (2) by certified mail with restricted delivery and return receipt requested, at the address provided by plaintiff: 4600 S. University Ave., Little Rock, AR 72210.

IT IS SO ORDERED THIS 13TH DAY OF AUGUST, 2018.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure provides that required initial disclosures include the name and address of each individual likely to have discoverable information.